441 So.2d 1382 (1983)
Tommy Lee JACKSON
v.
STATE of Mississippi.
No. 53640.
Supreme Court of Mississippi.
December 21, 1983.
Don H. Evans, Jackson, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
BROOM, Presiding Justice, for the Court:
Murder while engaged in robbery is the offense for which Tommy Lee Jackson was found guilty at his trial in the Circuit Court of the First Judicial District of Hinds County. Mississippi Code Annotated § 97-3-19(2)(e) (Supp. 1983). Instead of ordering the death penalty, the jury fixed the punishment as life imprisonment. We find that the evidence presented was sufficient to prove the charge set forth in the indictment, and no reversible error is shown.[1] Accordingly, affirmance is required.
Shortly before 2:00 A.M. on the morning of March 26, 1981, the appellant, Tommy Lee Jackson, was seen running out of the men's room of the Greyhound Bus Station on Lamar Street in Jackson, Mississippi. He drove away in a 1973 Malibu, white over blue, with heavy damage to the right front fender. William F. Hill was also seen leaving the bus station men's room on the morning in question, bleeding considerably, distraught and muttering. In only a very *1383 few moments, he was dead of a heart attack. Tommy Lee Jackson was found and arrested within 15 minutes. In Jackson's car, arresting officers found a plastic picture folder similar to those found in wallets which contained various pictures and a V.A. identification card belonging to Hill. Hill's wallet was never found. An iron tire tool was also found behind the passenger seat of Jackson's car. Jackson was charged with capital murder.
Contention of the prosecution at trial was that Jackson robbed Hill and beat him. The fatal heart attack resulted from the trauma and stress of the beating.
The restroom where the attack was alleged to have taken place was splattered with blood on the floor and door panels, indicating an extensive struggle where several blows would have been inflicted on the victim, Hill. Two eyewitnesses saw Hill and Jackson struggling in the restroom. Jackson had Hill around the waist and it appeared that Jackson had partially pulled Hill's billfold out of Hill's back pocket. When Hill exited the restroom after Jackson fled, Hill was heard to say "Why me", and "he got me". Within a few moments, Hill keeled over on the floor. Jackson hurriedly left the scene in a car.
Forensic investigation revealed that the extensive amounts of blood on the floor of the restroom was type A and could have been Hill's but not Jackson's. Small amounts of blood were on Jackson's face and left hand, presumably from his wrestling match with Hill in the restroom. It was also type A. Cause of death, according to forensic pathologist Dr. Rodrigo Galvez was cardiac arrest resulting from stress compatible with blows to Hill's head.
The restroom in question is shown in the record to have limited access. No one can enter unless either the ticket agent presses a button which releases an electric security lock or someone inside happens to be coming out. A stairwell leads to the restroom doors after one has entered the secure door from the main lobby which consists of two flights of twenty steps.
Jackson claimed to have entered the secure door as a large black man was leaving. He testified that, as he entered the men's room, he saw Hill lying on the floor and blood splattered everywhere. As Jackson leaned over Hill to determine his condition, Jackson contends that Hill grabbed him and they struggled. Jackson's version was that Hill was trying to rob him, but the jury did not accept his version.
We have examined all assignments of error and find them to be without merit. Upon conflicting evidence, the jury accepted the state's theory and rejected Jackson's. Gangloff v. State, 242 Miss. 168, 134 So.2d 481 (1961). Having carefully studied all the testimony and arguments, we have concluded that the jury verdict was adequately supported by the evidence which established Jackson's guilt beyond a reasonable doubt. No reversible error was pointed out in the briefs or oral argument. Accordingly, affirmance is required.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Recently affirmed here in an opinion authored by Roy Noble Lee, J., was Jackson v. State, 440 So.2d 307 (Miss. 1983), a robbery conviction which offense occurred at the same place as the present offense. The defendant in both cases is the same.